IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL W. BICE, JR., ) | |
| ) | |
| Plaintiff, ) | No. 16 C 537 |
| ) | |
| v. ) | Maria Valdez |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Daniel Bice's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

## BACKGROUND

### I.  PROCEDURAL HISTORY

On November 6, 2013, Plaintiff filed claims for both DIB and SSI, alleging disability since October 15, 2010. (R. 69, 82.) The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

Administrative Law Judge ("ALJ"), which was held on September 24, 2014 (R. 32-68.) Plaintiff personally appeared and testified at the hearing and was represented by counsel. (*Id.*) Vocational expert Theresa Wolford also testified. (*Id.*)

On October 14, 2015, the ALJ denied Plaintiff's claims for both DIB and SSI finding him not disabled under the Social Security Act. (R. 9–31.) The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 15, 2010. (R. 14.) At step two, the ALJ concluded that Plaintiff had the severe impairments of degenerative disc disease status post fusion; obesity; dysthymic disorder; mood disorder; generalized anxiety disorder; personality disorder; post-traumatic stress disorder ("PTSD"); obsessive compulsive disorder ("OCD"); and attention deficit hyperactivity disorder ("ADHD"). (*Id.*) The ALJ indicated at step three that the impairments, alone or in combination, did not meet or medically equal a Listing. (R. 15.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: can only occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can only occasionally stoop, kneel, crouch, and crawl; must avoid exposure to hazards, such as unprotected

2

heights; and is limited to understanding, remembering, and carrying out short simple instructions for simple tasks in a work setting that does not require interaction with the general public. (R. 16.) The ALJ concluded at step four that Plaintiff was unable to perform his past relevant work as an auto detailer and production assembler. (R. 24.) At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can perform additional jobs existing in significant numbers in the national economy, including clearing housekeeping, routing clerk, and folding machine operator. (R. 25-26.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*)

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps 1–4. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

5

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ: (1) inadequately analyzed whether Plaintiff met or equaled a listing; (2) incorrectly assessed Plaintiff's symptom statements; (3) improperly weighed the opinion evidence in determining Plaintiff's RFC; and (4) failed to include moderate limitations in concentration, persistence or pace in the hypothetical questions to the VE. Because the ALJ improperly weighed the opinion evidence, this matter must be remanded for further proceedings.

### A. <u>Treating Physician Evidence</u>

In evaluating a claim of disability, an ALJ "must consider all medical opinions in the record." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(b). The opinion of a treating physician, including a treating psychiatrist, is afforded controlling weight if it is both "well-supported" by clinical and diagnostic evidence and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). Because of a treating doctor's "greater familiarity with the claimant's condition and circumstances," *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003), an ALJ must "offer good reasons for discounting a treating physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citations omitted); *see also See Stage v. Colvin,* 812 F.3d 1121, 1126 (7th Cir. 2016). Those reasons must be "supported by substantial evidence in the record; a contrary

6

opinion of a non-examining source does not, by itself, suffice." *Campbell,* 627 F.3d at 306.

Even where a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue,* 630 F.3d 704, 710 (7th Cir. 2011).

Here, the ALJ improperly discounted the opinion of Linda Hungerford, M.D. It is undisputed that Dr. Hungerford is Plaintiff's treating psychiatrist.[2] However, the ALJ gave insufficient reasons to reject Dr. Hungerford's opinion as a treating physician. The ALJ gave "little weight" to the medical source statement of Dr. Hungerford because: (1) it "appear[s] to rely predominantly on subjective allegations that are not entirely credible"; and (2) "the disabling limitations noted

---

[2] The Court notes that the length and extent of the treating relationship is unclear from the record. The record contains only one psychiatric evaluation performed on July 2, 2014, the same day that the medical source statement was completed; and one progress note for medication monitoring a month later on August 6, 2014. (R. 576-77, 639-40, 652). Dr. Hungerford also signed Plaintiff's initial treatment plan on November 6, 2013, but there is no indication whether she conducted an evaluation at that time. (R. 589.) Because neither Defendant nor the ALJ dispute that Dr. Hungerford is a treating source, the Court will analyze Dr. Hungerford's opinion as a treating source opinion.

7

by Dr. Hungerford . . . conflict with objective evidence showing the [Plaintiff]'s psychological symptoms improving and stabilizing with medication and psychotherapy." (R. 22). There are several flaws in the ALJ's analysis.

First, the ALJ did not substantiate his assertion that Dr. Hungerford's opinion was inappropriately based on Plaintiff's subjective complaints. The Seventh Circuit has found that "if the treating physician's opinion is . . . based *solely* on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added). However, the Seventh Circuit recently noted that it was "illogical to dismiss the professional opinion of an examining [physician] simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin,* 654 Fed. Appx. 831, 837 (7th Cir. 2016) (unpublished opinion). "Almost all diagnoses require some consideration of the patient's subjective reports, and certainly [Plaintiff's] reports had to be factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue*, No. 09 C 4814, 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012). In this case, the ALJ neglected to "point to anything that suggests that the weight [Dr. Hungerford] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable." *Davis v. Astrue*, No. 11 C 56, 2012 WL 983696, at *19 (N.D. Ill. Mar. 21, 2012). Thus, the ALJ did not "build an accurate and logical bridge" from the evidence to his conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Moreover, neither the ALJ nor the Commissioner cite to any evidence that Dr.

8

Hungerford based her opinion *solely* on Plaintiff's subjective complaints, and, therefore, this reason for denying weight to her opinion is unavailing.

Second, the ALJ's determination that "the disabling limitations noted by Dr. Hungerford . . . conflict with objective evidence showing the [Plaintiff]'s psychological symptoms improving and stabilizing with medication and psychotherapy," (R. 22), is flawed. "There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce." *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011). In order to discount Dr. Hungerford's opinion based on Plaintiff's response to treatment, the ALJ must connect how his improvement restored Plaintiff's ability to work. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) ("Simply because one is characterized as 'stable' or 'improving' does not mean that [one] is capable of [ ] work"); *Scott*, 647 F.3d at 740. The ALJ failed to do so here. Further, "[a] person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days." *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008). The ALJ must consider the entire record, including those portions of the record that do not support the ALJ's ultimate determination. *Scrogham v. Colvin,* 765 F.3d 685, 697 (7th Cir. 2014). Especially in cases involving mental illness, the ALJ must evaluate the whole record, as symptoms of mental illness can frequently fluctuate. *Scott*, 647 F.3d at 739; *see also Punzio v. Astrue,* 630 F.3d 704, 710-711 (7th Cir. 2011) ("[A] person who suffers from a mental illness will have

better days and worse days, so a snapshot at any single moment says little about her overall condition").

Here, the ALJ did not address symptoms in treatment provider notes that support Dr. Hungerford's conclusions. *See Scott*, 647 F.3d at 739-740 ("The ALJ was not permitted to 'cherry-pick' from ... mixed results to support a denial of benefits"). For instance, the ALJ did not discuss fourteen therapy session notes from November 5, 2013 through July 22, 2014 from Sharon Helregel, LCSW, MSW, each of which indicate that Plaintiff's mood was "anxious," "depressed, anxious," "depressed and very anxious," or "depressed, anxious, tearful." (R. 653-66.) Earlier in the opinion, the ALJ referenced a July 2014 progress note from Plaintiff's primary care provider, Gary A. Tennison, D.O., indicating that Plaintiff's symptoms of anxiety and depression were "stable." (R. 19, 457.) However, the ALJ did not address subsequent progress notes from Dr. Tennison, indicating that Plaintiff complained of depression but quit taking his anti-depressants due to side effects on December 3, 2014, (R. 600), or noting that Plaintiff "continues to have the shakes, nervousness, and anxiety, [and] would like to talk about possible increase" in anxiety medications on April 7, 2015. (R. 597.) Accordingly, the ALJ erred by not addressing any of this contrary evidence when discounting Dr. Hungerford's conclusions. *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) ("An ALJ cannot recite only the evidence that supports his conclusion while ignoring contrary evidence.").

10

Third, although the ALJ is not required to give Dr. Hungerford's opinion controlling weight, he still must address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinion. SSR 96-2p. SSR 92-2p states that treating source medical opinions like Dr. Hungerford's "are still entitled to deference and must be weighed using *all* of the factors provided in 20 C.F.R. § 404.1527." *Id.* (emphasis added). Here, the ALJ failed to minimally address many of the enumerated factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not analyze the nature and extent of the treatment relationship, the frequency of examination, the supportability of the decision, or whether Dr. Hungerford had a relevant specialty. The ALJ is required to "sufficiently account [ ] for the factors in 20 C.F.R.§ 404.1527." *Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013) (unpublished decision). The ALJ's failure to do so prevents this Court from determining the reasonableness of the ALJ's decision in light of the factors outlined in 20 C.F.R. § 404.1527.

Defendant's argument that "an ALJ may properly rely on the opinions of reviewing physicians to reject the opinion of a treating physician," (Def.'s Mem. at 5), is unavailing. Defendant admits that the ALJ did not make this argument in his decision. Rather, Defendant asserts that "the ALJ indirectly took [Dr. Hungerford's] opinion into account" when he adopted the opinion of Dr. Tin because Dr. Tin had "expressly considered" Dr. Hungerford's opinion in his assessment on reconsideration. (*Id.*) Notwithstanding the convoluted logic, this argument amounts to an impermissible *post hoc* rationalization and cannot be used by this Court.

11

*Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (*citing SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)); *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the Chenery doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) ("We confine our review to the rationale offered by the ALJ"). *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) ("But these are not reasons that appear in the ALJ's opinion, and thus they cannot be used here").

For the reasons described herein, the ALJ did not offer substantial evidence for rejecting Dr. Hungerford's opinion, which is an error requiring remand.

### B.  Remaining Arguments

Because remand is required for errors in the ALJ's weighing of the opinion evidence of Dr. Hungerford, the Court need not address Plaintiff's remaining arguments at this time. On remand, the Commissioner shall sufficiently account for the factors in 20 C.F.R. § 404.1527 when evaluating the medical opinion evidence. Further, the ALJ is advised to consider Plaintiff's testimony in light of the recent guidance provided by SSR 16-3p and focus on Plaintiff's asserted symptoms. *See Cole v. Colvin,* 831 F.3d 411, 412 (7th Cir. 2016).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.                    ENTERED:

DATE:   August 29, 2017        _____
                               **HON. MARIA VALDEZ**
                               **United States Magistrate Judge**